**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Billy Gene Cummings, | ) | |
|                 Petitioner, | ) ) | CV 09-489 TUC-RCC (JM) |
| v. | ) ) | **REPORT AND** |
| Charles L. Ryan, et al., | ) ) | **RECOMMENDATION** |
|                 Respondent. | ) ) ) | |
| _____ | ) | |

      Pending before the Court is Petitioner Billy Gene Cummings' Petition for Writ of Habeas Corpus (Doc. 1). In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

      In July 2004, Petitioner was indicted on charges to sexual assault and kidnaping, both class two felonies. Exh. B., p. 1.[1] Petitioner was convicted on both charges and was sentenced as a repetitive offender to presumptive, concurrent prison terms of 9.25 years and 10.5 years. Exh. A, pp. 1-2.

      Petitioner appealed his convictions, claiming that the trial court erred in denying his motion for a mistrial based on the violation of his rights to confrontation. Exh. B.

---

[1] Unless indicated otherwise, all exhibit references are to the exhibits attached to Respondents' Answer to Petitioner for Writ of Habeas Corpus (Doc. 17).

1  Specifically, Petitioner claimed his rights were violated because the trial court prevented him
2  from using his own transcript of the victim's interview, rather than that the less complete
3  transcript prepared by the government, during cross examination of the victim. Exh. B, pp.
4  2-5. In a memorandum decision filed on February 23, 2007, the Arizona Court of Appeals
5  found the claim meritless and affirmed Petitioner's convictions and sentences. Exh. A, pp.
6  5-6. Petitioner did not seek review by the Arizona Supreme Court. Exh. C.

7  On May 1, 2007, Petitioner filed a timely Notice of Post-Conviction Relief ("PCR")
8  in the trial court. Exh. D. Petitioner filed the PCR petition on November 30, 2007, and
9  raised three claims of ineffective assistance of counsel ("IAC") under *Strickland v.*
10 *Washington*, 446 U.S. 668 (1984). Exh. E. Petitioner claimed that his counsel:

> should have had the Petitioner testify or, at a minimum, prepared him to testify and discussed the merits of his testimony with him. He should have used the ATM receipt showing the Petitioner withdrew money from the ATM shortly before the alleged offense. Finally, his cross examination of the victim should have been much better [and], had he prepared for the cross examination, it would have been.

15 Exh. E, p. 7. The trial court, after extensive analysis under *Strickland*, found the three claims
16 without merit. Exh. F.

17 Petitioner sought review of the trial court's decision by the Arizona Court of Appeals.
18 In his Petition for Review, Petitioner reurged only one claim: that his counsel had been
19 ineffective in his handling of Petitioner's decision not to testify. Exh. G. In a Memorandum
20 Decision filed on November 25, 2008, the Court of Appeals granted review, but denied relief,
21 stating that "the trial court clearly and correctly addressed the merits of [Petitioner's]
22 ineffective assistance of counsel claim . . . ." Exh. H.

23 On February 25, 2009, Petitioner filed a petition for review in the Arizona Supreme
24 Court. Exh. I. Petitioner noted that there were "[a]dditional instances of ineffective
25 assistance of counsel" that were not decided by the court of appeals. Exh. I, p. 2. Although
26 he does not cite *United States v. Cronic*, 466 U.S. 648 (1984), in his petition, Petitioner
27 clearly relies on *Cronic's* holding when he argues that:

28

> Defense counsel who entirely fail[s] to subject [the] state's case to meaningful adversarial testing denied the defendant's Sixth Amendment rights, making the adversary process presumptively unreliable. In such a case no showing of prejudice is required.

Exh. I, p. 2. The petition for review was denied by the Arizona Supreme Court and the Court of Appeals issued the mandate on June 5, 2009. Exh. J.

In his pending habeas petition, which was timely filed on August 28, 2009, Petitioner identified Ground One (his only claim for relief) as "Ineffective Assistance of Counsel: Failure to Establish Defense," and explains that:

> Petitioner's counsel so utterly failed to defend against the charges that the trial was the functional equivalent of a guilty plea, rendering counsel's representation presumptively inadequate, violating his rights under the 6th and 14th Amendments. Specifically, trial counsel failed to establish Petitioner's defense that the sexual contact with his accuser was a consensual sexual encounter with a prostitute. *Strickland v. Washington*, 466 U.S. 668 (1984); *U.S. v. Cronic*, 466 U.S. 648 (1984).

*Petition* (Doc. 1), Attachment "A," p. 1.

## II. LEGAL DISCUSSION

### A. Exhaustion of State Remedies

Respondent contends that Petitioner has failed to exhaust his state remedies for the claim made pursuant to *United States v. Cronic*, 466 U.S. 648 (1984) in the petition. A state prisoner must exhaust the available state remedies before a federal court may consider the merits of his habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir. 1999). Exhaustion occurs either when a claim has been fairly presented to the highest state court, *Picard v. Connor*, 404 U.S. 270, 275 (1971), or by establishing that a claim has been procedurally defaulted and that no state remedies remain available, *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Exhaustion requires that a habeas petitioner present the substance of his claims to the state courts in order to give them a "fair opportunity to act" upon these claims. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). A claim has been "fairly presented" if the petitioner has described the operative facts and legal theories on which the claim is based.

*Picard v. Connor*, 404 U.S. 270, 277-78 (1971); *Rice v. Wood*, 44 F.3d 1396, 1403 (9th Cir. 1995). The operative facts must be presented in the appropriate context to satisfy the exhaustion requirement. The fair presentation requirement is not satisfied, for example, when a claim is presented in state court in a procedural context in which its merits will not be considered in the absence of special circumstances. *Castille*, 489 U.S. at 351. An exact correlation of the claims in both state and federal court is not required. *Rice,* 44 F.3d at 1403. The substance of the federal claim, however, must have been fairly presented to the state courts. *Chacon v. Wood*, 36 F.3d 1459, 1467 (9th Cir. 1994) (citations omitted).

A petitioner may also exhaust his claims by either showing that a state court found his claims defaulted on procedural grounds or, if he never presented his claims in any forum, that no state remedies remain available to him. *See Jackson v. Cupp*, 693 F.2d 867, 869 (9th Cir. 1982). "To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32," *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), and then present his claims to the Arizona Court of Appeals. *See Swoopes*, 196 F.3d 1008, 1010 9th Cir. 1999).

        **1.**    **Petitioner's *Cronic* claim**

            **a.**    **Failure to exhaust in state court**

A review of the record supports Respondents' contention that Petitioner did not exhaust his *Cronic* claim in state court. In fact, Petitioner never cites *Cronic* in his state court filings and it is only when he reached the Arizona Supreme Court that he raised a claim founded on the legal principles outlined in the *Cronic* decision. In *Cronic*, the Supreme Court indicated that, unlike an IAC claim under *Strickland*, prejudice is presumed when "there [is] a breakdown in the adversarial process," such that "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Cronic*, 466 U.S. at 659, 662. In his petition to the Arizona Supreme Court, Petitioner took from *Cronic* almost verbatim when he argued that his counsel had not subjected the state's case to "meaningful adversarial

testing," and noted that in such cases "no showing of prejudice is required." Exh. I, p. 2. This is the only time this claim appears in Petitioner's state court proceedings.

In his reply, Petitioner argues that by raising an IAC claim in state court, he preserved his claim under *Cronic*. Petitioner argues that, "[a]lthough it is not clear why, the State suggests that *Cronic* is a separate species of ineffective assistance of counsel claims that must be explicitly cited to preserve the issue for review." *Reply*, p. 3. However, Petitioner's argument is not correct. In *Bell v. Cone*, 535 U.S. 685 (2002), the United States Supreme Court noted that the difference between a *Strickland* claim and a *Cronic* claim is a matter "not of degree but of kind." *Bell*, 535 U.S. at 697. The state courts in the instant case had no reason, at least prior to Petitioner's submission of his petition of his brief to the Arizona Supreme Court in his PCR proceedings, to analyze his claims under the presumed prejudice standards of *Cronic*. Understandably, the state court decisions evaluated Petitioner's IAC claims under *Strickland*. Therefore, Petitioner has not exhausted his *Cronic* claim. 28 U.S.C. § 2254(b)(1).

**b.     The claim is procedurally barred.**

Under Arizona law, pursuant to Rule 32.2, Ariz.R.Crim.P., a petitioner may not be granted state court relief on any claim which could have been raised in a prior Rule 32 petition for post-conviction relief. Only if a claim falls within certain exceptions (outlined in sub-sections (d) through (g) of Rule 32.1) and the petitioner can justify why the claim was omitted from a prior petition will the preclusive effect of Rule 32.2 be avoided. Here, Petitioner presents no argument addressing the applicability of any exception provided in Rule 32. Thus, Petitioner is procedurally barred from now raising his *Cronic* claim in state court and is thus procedurally defaulted in federal court. *Harris v. Reed*, 489 U.S. 255, 263 (1989) (citations omitted).

Because the claim is procedurally defaulted, it can be addressed on the merits only if Petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrates the failure to consider the claim will result

5

in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). "Cause" is a legitimate excuse for the default and "prejudice" is actual harm resulting from the alleged constitutional violation. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). To show cause, a petitioner must ordinarily demonstrate that "some factor external to the defense" impeded efforts to raise the claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The fundamental miscarriage of justice exception is only available "where the petitioner supplements his constitutional claim with a colorable showing of factual innocence." *Coley v. Gonzales*, 55 F.3d 1385, 1387 (9th Cir. 1995) (*quoting Herrera v. Collins*, 506 U.S. 390, 404 (1993)). As Petitioner has not argued factual innocence and has not shown that cause and prejudice are present, there is no basis for review of this claim.

### 2. Petitioner did exhaust one *Strickland* claim.

Although Petitioner did not exhaust his *Cronic* component of Ground I, he also included authority and argument in his habeas petition that establishes that he is also claiming IAC under the *Strickland* standards. Although there are several components to his *Strickland* argument there is only one component that was sufficiently raised in the state courts, the claim that his counsel was ineffective in his handling of Petitioner's decision not to testify. State courts are said to have been given a sufficient opportunity to hear an issue when a petitioner has presented the state court with the claim's factual and legal basis. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (legal basis); *Correll v. Stewart*, 137 F.3d 1404, 1411-12 (9th Cri. 1997) (factual basis). Here, Petitioner raised this component of his IAC claim in his PCR petitions in both the trial court and the Arizona Court of Appeals. *See* Exhs. E & G. The trial court recognized that Petitioner was arguing that his counsel was ineffective "for failing to advise, encourage, or prepare him to testify." Exh. F, p. 2. The trial court then analyzed and rejected the claim. *Id*., pp. 2-3. Then the Court of Appeals, in a Memorandum Decision filed on November 25, 2008, first recognized the claim as counsel's "failing to discuss the 'pros and cons' of whether to testify, in failing to prepare him in the

event that he did decide to testify, and in advising him not to testify." Exh. H, p. 2 (footnote omitted). The appeals court then adopted the trial court's reasoning wholesale, stating that "the trial court clearly and correctly addressed the merits of [Petitioner's] ineffective assistance of counsel claim . . . ." Exh. H. Thus, this portion of Petitioner's *Strickland* claim was exhausted and can be addressed on the merits.

### B. Merits

Under the AEDPA, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the state decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). *See Williams v. Taylor*, 120 S.Ct. 1495 (2000). A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Van Tran v. Lindsey*, 212 F.3d 1143, 1150 (9th Cir. 2000). In determining whether a state court decision is contrary to federal law, the court must examine the last reasoned decision of a state court and the basis of the state court's judgment. *Packer v. Hill*, 277 F.3d 1092, 1101 (9th Cir. 2002). A state court's decision can be an unreasonable application of federal law either (1) if it correctly identifies the governing legal principle but applies it to a new set of facts in a way that is objectively unreasonable, or (2) if it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Hernandez v. Small*, 282 F.3d 1132 (9th Cir. 2002).

### 1. *Strickland* standards for ineffective assistance of counsel

Petitioner alleges that his trial counsel was ineffective for failing to properly assess and inform Petitioner of the need for Petitioner to testify. Pursuant to the Sixth Amendment of the United States Constitution, a criminal defendant has a right to "effective assistance of

counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to determine if Petitioner was denied effective assistance of counsel, the court must determine "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. The *Strickland* standard for ineffective assistance of counsel has two components. A defendant must first demonstrate that counsel's performance was deficient, i.e., that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment. 466 U.S. at 687. It requires the defendant to show that counsel's conduct "fell below an objective standard of reasonableness." 466 U.S. at 687-688. Second, a defendant must show that the deficient performance prejudiced the defense, i.e., that counsel's errors were so serious as to deprive the defendant of a fair trial. 466 U.S. at 687. In other words, "but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694.

In reviewing counsel's performance, the court must be highly deferential to counsel's behavior. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. A reviewing court may first consider the prejudice prong of the *Strickland* test, and if it finds that the alleged unprofessional conduct would not have changed the result of the proceeding, it need not consider the performance prong. *Id*.

### 1. The trial court's decision was reasonable

As a threshold matter, the trial court applied the correct controlling authority. The court cited *Strickland* along with relevant Arizona authority and described the two elements to be applied. Then, addressing the IAC claim at hand, the trial court (which issued the last reasoned decision) concluded as follows:

> First, Petitioner has not shown that trial counsel's performance fell below an objective standard of reasonableness. The defendant, alone, has the right to decide whether or not to testify. Petitioner does not claim to have been ignorant of this fact. The court actually advised Petitioner of his right to testify, and explained that he could change his mind at any time.

8

Petitioner made the decision not to testify, and he repeatedly explains his reasons for making that decision in his Affidavit: "At that time it was my preference to not testify if I did not have to. I was afraid of my prior conviction coming up and that it would hurt me more than help me. (. . . ) again, I told [my lawyer] my preference not to testify because I was worried about my prior conviction." *Affidavit of Petitioner, statements 2,3.* According to evidence of the discussions between Petitioner and counsel (including Petitioner's own Affidavit), counsel did not entirely neglect to speak with his client about testifying, but rather, advised his client against it, and honored his client's preference not to. Defense counsel's performance does not amount to ineffective assistance, merely because he did not encourage Petitioner to testify.

Petitioner was made aware by the court of his right to testify, and he was encouraged to do so by defense counsel's supervisor. Nevertheless, Petitioner made the decision not to testify. Petitioner argues that this decision was predicated on his mistaken belief that his prior felony would be made known to the jury if he took the stand. He claims that defense counsel was ineffective in advising him not to testify, as well as failing to explain to him exactly what would be disclosed to the jury, in terms of his prior felony. There is limited evidence offered to indicate exactly what was explained to Petitioner, by counsel, on this subject. However, the record reveals that the court explained its ruling on the admissibility of his prior conviction in Petitioner's presence. Additionally, the State verbalized, in Petitioner's presence, that only the date, time and number of the prior conviction would be revealed to the jury if the defendant testified. (RT 9/20/05, page 2, lines 15-20). Petitioner should have been aware of the extent to which his prior conviction would be revealed to the jury, had he paid attention during court proceedings. Even if Petitioner could prove that counsel failed to adequately explain to him the consequences of testifying, this would not rise to the level of ineffective assistance.

Second, Petitioner had not shown that counsel's performance prejudiced him. Even if it were shown that further discussion between Petitioner and his counsel would have persuaded him to testify, Petitioner would still fail to satisfy the second prong of *Strickland*. In order to "demonstrate substantial prejudice resulting from ineffective assistance of counsel," Petitioner must show that the absence of his testimony amounted to substantial prejudice, without which the outcome of the case would have been different. *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980). Petitioner argues that taking the stand and explaining his version of events would have persuaded jurors to acquit, especially in light of all the evidence. Petitioner refers to evidence that he withdrew cash from an ATM as particularly supportive of his story that he intended to pay the victim for consensual sex.

> However, it is unclear from Petitioner's argument, how telling his story to the jury would overshadow the overwhelming evidence that contradicted it. Evidence such as the medical report of marks to the victim's neck and knees, as well as the witness who called 911 after hearing the victim scream, is inconsistent with Petitioner's defense of consensual sex. Petitioner has failed to point to any aspect of his hypothetical testimony that would be so persuasive as to change the outcome of the trial, especially considering that his version of events was made known to the jury through documentation of statements he made to police. Because Petitioner failed to satisfy both prongs of the *Strickland* test, his claim of ineffective assistance of counsel, for neglecting to advise, encourage or prepare him to testify, does not entitle Petitioner to post-conviction relief.

Exh. F, pp. 2-3.

On habeas review, the state court's factual determinations are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has presented no "clear and convincing" evidence that contradicts the trial court's determination that he was aware of his right to testify and the extent to which information about his prior felony would be admitted. A defendant in a criminal case nearly always must confront the "dilemma demanding a choice between complete silence and presenting a defense . . . ." *Williams v. Forida*, 399 U.S. 78, 84 (1970). His awareness of this dilemma and the implications is established through his admission that he feared the impact of impeachment based on his prior conviction. As the trial court found, Petitioner was concerned that his testimony would "hurt me more than help me." Based on these expressed concerns, it was reasonable for the trial court to reject Petitioner's claim and conclude that he had been advised of his right to testify and that his counsel "honored his client's preference not to."

Turning to *Strickland's* prejudice prong, there is no basis for a finding that the trial court was unreasonable in concluding that the alleged unprofessional conduct would not have changed the result of the proceeding. *See* 28 U.S.C. § 2254(d)(2). The appropriate inquiry is whether the state court's factual determinations on the issue were "objectively unreasonable." *Miller-El v. Cockrell* 537 U.S. 322, 340 (2003). The trial court stated that it was "unclear from Petitioner's argument, how telling his story to the jury would overshadow the overwhelming evidence that contradicted it." The court then reviewed that

evidence, which included the medical report of marks to the victim's neck and knees and the witness testimony from the woman who called 911 after hearing the victim scream. Based on this evidence, it was more than reasonable for the trial court to reject Petitioner's contention that his testimony would have bee so persuasive as to change the outcome of the trial. Petitioner has not satisfied his burden with evidence that rebuts the trial court's findings. As such, Petitioner is not entitled to relief on his ineffective assistance of counsel claim.

### III. RECOMMENDATION

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review, issue an Order **dismissing** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 09-0489-TUC-RCC**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 18th day of May, 2011.

Jacqueline Marshall
United States Magistrate Judge